

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| JAMES BRUEN, | ) | CIVIL ACTION NO. _____ |
| | ) | |
| *Plaintiff,* | ) | |
| v. | ) | |
| | ) | |
| NATIONAL ASSOCIATION OF | ) | |
| SECURITIES DEALERS, INC., and | ) | |
| THE THOMSON CORPORATION, | ) | |
| | ) | |
| *Defendants.* | ) | |
| | ) | |

### NOTICE OF REMOVAL

Defendants National Association of Securities Dealers, Inc. ("NASD"), and The

Thomson Corporation ("Thomson"), by their attorneys, respectfully notice this Court that:

1. A civil action was commenced on or after March 20, 2006, in the Supreme Court

of the State of New York, New York County, bearing index number 06-600946, captioned *James*

*Bruen v. National Association of Securities Dealers, Inc., and The Thomson Corporation* (the

"state court action").

2. Defendant NASD was served with the Summons and Complaint in the state court

action on or after March 30, 2006. Copies of the Summons and Complaint served on NASD are

attached hereto as Exhibit A. To counsel's knowledge, defendant Thomson has not been served.

This Notice of Removal is filed within thirty days after the first receipt of the original pleading

by a named defendant.

3. No other process, pleading, or order in the state court action has been served upon

either defendant.

4. All defendants named in the Complaint join in this notice.

5.      This Court has original diversity jurisdiction over this action under 28 U.S.C.

§ 1332, in that this is an action between citizens of different States in which the amount in

controversy exceeds $75,000.  Defendant NASD is incorporated in the State of Delaware and has

its principal place of business in Washington, D.C.  Defendant Thomson is incorporated in the

province of Ontario, Canada, and has its principal place of business in Toronto, Canada.

Plaintiff James Bruen appears to be a citizen of New Jersey residing at 417 Gulden Street,

Keyport, NJ  07735.  *See* Summons at 1.  Thus, no defendant is a citizen of the same State as

Plaintiff, and no defendant is a citizen of the State in which the removed action was brought.

The $3 million in damages sought by Plaintiff in ¶¶ 17, 21, and 26 of the Complaint exceeds the

requisite amount in controversy.

6.      This Court also has original federal-question jurisdiction over this action pursuant

to 28 U.S.C. § 1331 and 15 U.S.C. § 78aa, because one or more claims arise under the Securities

Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§ 78 *et seq.*, and the rules and regulations

promulgated thereunder.  NASD is a self-regulatory organization registered with the Securities

and Exchange Commission as a national securities association pursuant to the Maloney Act

amendments to the Exchange Act, 15 U.S.C. §§ 78o-3 *et seq.*  The Complaint seeks to hold

NASD liable for performing its functions arising under the Exchange Act and the rules and

regulations thereunder.  *See* 15 U.S.C. § 78aa (providing that federal district courts have

"*exclusive jurisdiction*" over "violations of [Title 15] or the rules and regulations thereunder")

(emphasis added).  As the Complaint acknowledges, "NASD is . . . a self-regulatory organization

of securities firms . . . which, among other things, administers tests relating to securities broker

licensing, including, but not limited to, the Series 7 Broker Qualification Examination."  Compl.

¶ 3.  Because Plaintiff contends (*e.g.*, *id.* ¶ 15) that NASD has failed to fulfill its obligations in

connection with the registration of securities representatives and the administration of the Series 7 Examination—obligations that arise under and are expressly governed by the Exchange Act— this Court has *exclusive* original jurisdiction over all claims premised on such allegations. Any remaining claims are so related to the federal claims that they form part of the same case or controversy, and this Court has supplemental jurisdiction over any such claims pursuant to 28 U.S.C. § 1367.

7.      Because this action is within this Court's original jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, and 1367 and 15 U.S.C. § 78aa, the action may be removed to this Court pursuant to 28 U.S.C. § 1441.

8.      A copy of a Notice of Filing of Notice of Removal is attached hereto as Exhibit B. Promptly after filing this notice, Defendants will serve that notice on counsel for Plaintiff and will file copies of the Notice of Filing and this notice with the Supreme Court of New York, County of New York as required by 28 U.S.C. § 1446(d).

WHEREFORE, defendants pray that the state court action be removed from the Supreme Court of New York, County of New York, to the United States District Court for the Southern District of New York.

Dated:  April 14, 2006                          Respectfully submitted,

By: _James F. Rittinger/MBM_                    By: _Matt McGill_

James F. Rittinger (JR-0556)                    Matthew D. McGill (MM-4545)
SATTERLEE STEPHENS                              GIBSON, DUNN & CRUTCHER LLP
  BURKE & BURKE                                 1050 Connecticut Avenue, N.W.
230 Park Avenue, 11th Floor                     Washington, D.C.  20036
New York, NY  10169                             Telephone: (202) 955-8500
Telephone: (212) 818-9200                       Fax: (202) 467-0539
Fax: (212) 818-9606

*Attorneys for Defendant*                       *Attorneys for Defendant*
*The Thomson Corporation*                       *National Association of*
                                                *Securities Dealers, Inc.*

**A**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

Index No.: 600 946/06

Date purchased: 3|20|06

---------------------------------------------------------X

JAMES BRUEN,

                  Plaintiff,

        -against-

NATIONAL ASSOCIATION OF SECURITIES
DEALERS, INC., and THE THOMSON
CORPORATION,

                  Defendants.

---------------------------------------------------------X

Plaintiff Designates
NEW YORK COUNTY
as the place of trial.

The basis of the venue is the
defendant's residence.

**SUMMONS**

Plaintiff resides at 417 Gulden Street
Keyport, NJ 07735

        YOU ARE HEREBY SUMMONED TO answer the complaint in this action and to serve

a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of

appearance, on the Plaintiff's Attorneys within 20 days after the service of this summons, exclusive

of the day of service (or within 30 days after the service is complete if this summons is not

personally delivered to you within the State of New York); and in case of your failure to appear

or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:     New York, New York
          March 17, 2006

NEW YORK
COUNTY CLERK'S OFFICE

MAR 2 0 2006

NOT COMPARED
WITH COPY FILED

ARTHUR L. AIDALA & ASSOCIATES, P.C.

By: _____

JOSEPH TACOPINA, *Of Counsel*
Attorney for Plaintiff
597 Fifth Avenue
New York, NY 10017
(212) 486-0011

**Defendants' addresses:**
NATIONAL ASSOCIATION OF
SECURITIES DEALERS, INC.
c/o Secretary of State

THE THOMSON CORPORATION
c/o Secretary of State

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------X

JAMES BRUEN,

                        Plaintiff,

        -against-

NATIONAL ASSOCIATION OF SECURITIES
DEALERS, INC., and THE THOMSON
CORPORATION,

                        Defendants.
-------------------------------------------------------------X

Index No.: 600946/06

**COMPLAINT**

        Plaintiff, by his attorney, JOSEPH TACOPINA, *of-counsel* to ARTHUR L. AIDALA &

ASSOCIATES, P.C., as and for his complaint herein, alleges as follows:

                        <u>**PARTIES**</u>

        1.      Defendant, NATIONAL ASSOCIATION OF SECURITIES DEALERS, INC.

(hereinafter referred to as "NASD") is, upon information and belief, a foreign corporation duly

licensed and authorized to do business within the State of New York.

        2.      Defendant THOMSON CORPORATION (hereinafter referred to as "Thomson")

is, upon information and belief, a foreign corporation doing business within the State of New York.

                <u>**ALLEGATIONS COMMON TO**</u>
                <u>**ALL CAUSES OF ACTION**</u>

        3.      The NASD is, upon information and belief, a self-regulatory organization of

securities firms with eleven offices located nationwide, and which, among other things, administers

tests relating to securities broker licensing, including, but not limited to, the Series 7 Broker

Qualification Examination (the "Series 7 Examination").

                                -2-

4.    Thomson is a corporation generally engaged in a wide range of businesses and, upon information and belief, contracted with the NASD to administer the Series 7 Examination through the Thomson division, subsidiary, or affiliate known as Thomson Prometric (hereinafter referred to as "Prometric").

5.    The Series 7 Examination covers critical areas of the securities markets and the laws, regulations and responsibilities of registered representatives and qualifies individuals to conduct securities business with the public.

6.    In order to take the Series 7 Examination, an individual must be sponsored by an NASD member firm.

7.    The NASD also maintains the Web Central Registration Depository ("CRD"), which processes member applications for brokers and maintains records regarding the status of a broker's registration and, among other things, permits member firms and the public to determine whether individuals have passed the Series 7 Examination.

8.    During the period October 2004 through December 2005, the NASD administered the Series 7 Examination to approximately 60,500 individuals.

9.    On December 9, 2004, plaintiff who was employed as a sales manager, took the Series 7 Examination sponsored by his then employer, BrokerTec, USA, LLC, (hereinafter referred to as "BrokerTec"), having an address at the Harborside Financial Center, 1100 Plaza, Jersey City, New Jersey 07311.

10.    After completing the Series 7 Examination, plaintiff was informed by the defendants that he had failed the test.

-3-

11.     After BrokerTec was notified of plaintiff's alleged failure, plaintiff's lucrative employment was terminated and he lost his book of business and his promising career as a Series 7 licensed sales manager.

12.     In January 2006, defendant NASD notified plaintiff that he had, in fact, passed the Series 7 Examination and that the results previously furnished were in error.

13.     In fact, in addition to plaintiff, some 1,882 individuals were falsely notified that they had failed the Series 7 Examination, leading to a January 6, 2006 NASD Press Release stating that NASD had erroneously told these individuals that they had failed the examination when, in fact, they had passed, as follows:

> NASD announced today that it has begun notifying
> a limited number of individuals who took the Series 7
> broker qualification between October 1, 2004 and
> December 20, 2005, to tell them they incorrectly
> received a failing grade due to a software error.

### FIRST CAUSE OF ACTION
### (Negligence)

14.     Plaintiff repeats and realleges each and every allegation above, as if set forth at length herein.

15.     The defendants NASD and Thomson owed a duty to plaintiff, as an individual taking the Series 7 Examination, to conduct the administration and grading of the test in a non-negligent fashion and obtain and report accurate test results.

16.     By failing to verify the accuracy of the announced test results and failing to ensure that the software and computer system were working properly, defendants failed to exhibit due and proper care and were negligent in the administration and grading of the Series 7 Examination, in breach of their duties owed to plaintiff.

-4-

17.    Plaintiff was injured as a result of the defendants' negligence as aforesaid in an amount to be determined at trial, which is in excess of the jurisdictional limits of all lower Courts otherwise having jurisdiction, because it approximates Three Million ($3,000,000.00) Dollars.

## SECOND CAUSE OF ACTION
### (Breach of Contract)

18.    Plaintiff repeats and realleges each and every allegation above, as if set forth at length herein.

19.    Plaintiff and defendants entered into a contractual relationship, either express or implied-in-law, with respect to the taking of the Series 7 Examination.

20.    By virtue of their conduct as aforesaid in failing to provide accurate results, the defendants breached their obligations to plaintiff pursuant to the above-described contractual relationship.

21.    Plaintiff was injured as a result of the defendants' breach in an amount to be determined at trial, which is in excess of the jurisdictional limits of all lower Courts otherwise having jurisdiction, because it approximates Three Million ($3,000,000.00) Dollars.

## THIRD CAUSE OF ACTION
### (Defamation and False Light)

22.    Plaintiff repeats and realleges each and every allegation above, as if set forth at length herein.

23.    Defendants uttered  a falsity by stating that plaintiff had failed the Series 7 Examination, thereby committing libel *per se* and/or *per quod*.

24.    The defendants published their false statement both to plaintiff's employer, as well as to the public-at-large, via the CRD system.

25.    The defendants' actions caused plaintiff the loss of his job, his book of business and his promising career at his firm, all to his severe recurring damage.

26.    Plaintiff was injured as a result of the defendants' conduct as aforesaid in an amount to be determined at trial, which is in excess of the jurisdictional limits of all lower Courts otherwise having jurisdiction, because it approximates Three Million ($3,000,000.00) Dollars.

**WHEREFORE,** Plaintiff demands judgment against the Defendants as stated above, jointly and severally, on each of his three (3), causes of action, in an amount to be determined at trial, together with the costs and disbursements of this action.

Dated: New York, New York
       March 17, 2006

ARTHUR L. AIDALA & ASSOCIATES, P.C.

By: _____
    JOSEPH TACOPINA, *Of-Counsel*
    Attorney for Plaintiff
    597 Fifth Avenue
    New York, NY 10017
    (212) 486-0011

-6-

Index No.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

JAMES BRUEN,

$\hspace{10cm}$ *Plaintiff,*

$\hspace{2cm}$ -against-

NATIONAL ASSOCIATION OF SECURITIES
DEALERS, INC., and THE THOMSON CORPORATION,

$\hspace{10cm}$ *Defendants.*

## SUMMONS & COMPLAINT

### ARTHUR L. AIDALA & ASSOCIATES, P.C.
JOSEPH TACOPINA, Of-Counsel

Attorney for $\hspace{2cm}$ Plaintiff

597 Fifth Avenue
New York, New York 10017
Tel: (212) 486-0011

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

Dated:   March 17, 2006 $\hspace{3cm}$ Signature_____

$\hspace{6cm}$ Print Signer's Name: _____

B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JAMES BRUEN,              :
           Plaintiff,      :
              :

       v.             :    Index No. : 06-600946
              :

NATIONAL ASSOCIATION OF SECURITIES       :
DEALERS, INC. and THE THOMSON
CORPORATION,           :

             Defendants.    :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## NOTICE OF FILING OF NOTICE OF REMOVAL

TO PLAINTIFF AND HIS COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on April 14, 2006, defendants filed a notice of removal of

this action, a copy of which is attached hereto, with the United States District Court for the

Southern District of New York.

You also are advised that defendants filed a copy of the notice of removal with the Clerk

of this Court, thus effecting removal pursuant to 28 U.S.C. § 1446(d). Accordingly, the Supreme

Court of the State of New York, County of New York, may proceed no further unless and until

the case is remanded. *See* 28 U.S.C. § 1446(d).

Dated:  April 14, 2006

James F. Rittinger (JR-0556)
SATTERLEE STEPHENS
   BURKE & BURKE
230 Park Avenue, 11th Floor
New York, NY  10169
Telephone: (212) 818-9200
Fax: (212) 818-9606

*Attorneys for Defendant
The Thomson Corporation*

Respectfully submitted,

By: _____
Matthew D. McGill (MM-4545)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036
Telephone: (202) 955-8500
Fax: (202) 467-0539

*Attorneys for Defendant
National Association of
Securities Dealers, Inc.*

2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

06  CV  2934

JAMES BRUEN,                              )
                                          )
              Plaintiff,                   )     CIVIL ACTION NO. _____
                                          )
       v.                                 )
                                          )
NATIONAL ASSOCIATION OF                   )
SECURITIES DEALERS, INC., and             )
THE THOMSON CORPORATION,                  )
                                          )
              Defendants.                 )
                                          )

## DEFENDANTS' STATEMENT PURSUANT TO FED. R. CIV. P. 7.1

Pursuant to Federal Rule of Civil Procedure 7.1 [formerly Local General Rule 1.9] and to

enable District Judges and Magistrate Judges of the Court to evaluate possible disqualification or

recusal, the undersigned counsel for the National Association of Securities Dealers, Inc.

("NASD"), a private non-governmental party, certifies that NASD has no corporate parent,

affiliate, and/or subsidiary that is publicly held and that no public company holds 10% or more

of its stock, and the undersigned counsel for The Thomson Corporation ("Thomson") certifies

that Thomson is a public company whose shares are traded on the Toronto and London

Exchanges and the New York Stock Exchange and that no public company holds 10% or more of

its stock.

Dated:  April 14, 2006

By: _James F. Rittinger /MDM_
James F. Rittinger (JR-0556)
SATTERLEE STEPHENS
    BURKE & BURKE
230 Park Avenue, 11th Floor
New York, NY  10169
Telephone: (212) 818-9200
Fax: (212) 818-9606

*Attorneys for Defendant*
*The Thomson Corporation*

Respectfully submitted,

By: _Matt McGill_
Matthew D. McGill (MM-4545)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036
Telephone: (202) 955-8500
Fax: (202) 467-0539

*Attorneys for Defendant*
*National Association of*
*Securities Dealers, Inc.*

2





## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| JAMES BRUEN, ) | CIVIL ACTION NO. _____ |
| _Plaintiff,_ ) |  |
| v. ) |  |
| NATIONAL ASSOCIATION OF ) |  |
| SECURITIES DEALERS, INC., and ) |  |
| THE THOMSON CORPORATION, ) |  |
| _Defendants._ ) |  |

### STATEMENT OF RELATEDNESS

The above-captioned action and the action titled _Gueorgui Ivanov v. National Association of Securities Dealers, Inc., et al._, No. 06-CV-2338, a putative class action pending before the Honorable Deborah A. Batts, share common issues of law and fact. Plaintiff in this case asserts the same injury as named plaintiff Ivanov and appears to be a member of the putative class. In the interests of justice and judicial economy, defendants National Association of Securities Dealers, Inc. and The Thomson Corporation request that the above-captioned action be accepted as related to the _Ivanov_ action.

Dated: April 14, 2006

Respectfully submitted,

By: _Matthew D. McGill_

Matthew D. McGill (MM-4545)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 955-8500
Fax: (202) 467-0539

James F. Rittinger (JR-0556)
SATTERLEE STEPHENS
    BURKE & BURKE
230 Park Avenue, 11th Floor
New York, NY 10169
Telephone: (212) 818-9200
Fax: (212) 818-9606

_Attorneys for Defendant_
_The Thomson Corporation_

_Attorneys for Defendant_
_National Association of_
_Securities Dealers, Inc._

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| JAMES BRUEN, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| v. | ) | CIVIL ACTION |
| | ) | 06-CV-2934 [ECF Case] |
| NATIONAL ASSOCIATION OF | ) | |
| SECURITIES DEALERS, INC.; | ) | |
| THE THOMSON CORPORATION, | ) | |
| | ) | |
| *Defendants.* | ) | |

### NASD'S NOTICE OF MOTION TO TRANSFER

Pursuant to Rule 5.12(c) of the Rules of the Judicial Panel on Multidistrict Litigation (the Panel),

Defendant National Association of Securities Dealers, Inc., hereby notifies this Court of the

filing of the attached Second Amended Motion for Transfer, which requests that the Panel

transfer this action pursuant to 28 U.S.C. § 1407. Copies of the original transfer motion were

filed with this Court in *Crabbe v. NASD*, No. 06-CV-1085 (DAB), *Cutler v. NASD*, No. 06-CV-

1208 (DAB), and *Hester v. NASD*, No. 06-CV-1238 (DAB). Each of those cases was stayed

pending resolution of the transfer motion by the Panel. The Panel has docketed these motions as

MDL-1772, *In re Series 7 Broker Qualification Exam Scoring Litigation.*

Dated:  April 17, 2006

Respectfully submitted,

By: _____ /s/ _____
Matthew D. McGill (MM-4545)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036
Telephone: (202) 955-8500
Fax: (202) 467-0539

OF COUNSEL:
F. Joseph Warin
William M. Jay
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036

John J. Flood (JF-2197)
NATIONAL ASSOCIATION OF
SECURITIES DEALERS, INC.
1735 K Street, N.W.
Washington, D.C.  20036

*Attorneys for Defendant*
*National Association of*
*Securities Dealers, Inc.*

Filed Electronically

**BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE SERIES 7 BROKER QUALIFICATION EXAM SCORING LITIGATION | MDL No. 1772 |

**NASD'S SECOND AMENDED MOTION TO TRANSFER ACTIONS
FOR CONSOLIDATED PRETRIAL PROCEEDINGS**

The National Association of Securities Dealers, Inc. ("NASD"), hereby amends its

motion to transfer several interrelated actions, pursuant to 28 U.S.C. § 1407, for coordinated

pretrial proceedings in the United States District Court for the Southern District of New York.[1]

Previously, plaintiffs Andrew Crabbe and Linda Cutler filed a motion (docketed February 28,

2006, and amended March 14, 2006) to transfer five such cases to the Southern District. NASD

moved to transfer these cases, plus an additional case, in a motion served March 13, 2006.

---

[1] Pursuant to Panel Rule 7.2(a), a list of actions that NASD seeks to transfer is attached to this Motion as "Second Amended Schedule 1." NASD also intends to designate any later filed federal actions not listed in Schedule 1 as potential "tag-along actions" pursuant to Panel Rules 7.4 and 7.5.

After these transfer motions were filed, several of the plaintiffs filed notices of voluntary dismissal and re-filed their lawsuits in the District of Columbia, resulting in a total of four related actions pending against NASD in the District of Columbia. The case previously pending in the Middle District of Tennessee was voluntarily dismissed, and dismissal notices have been filed in three cases pending in the Southern District of New York (including *Crabbe* and *Cutler*). Two new, substantially similar complaints were then filed outside the District of Columbia, however: one in the Eastern District of Arkansas and one in the Southern District of New York. In response to these events, NASD served on March 29, 2006, an amended motion to transfer the six actions then pending against NASD to the Southern District of New York.

Since NASD served its amended motion, five additional complaints have been filed against NASD and others. Three of these new complaints were filed in the District of Columbia by the same plaintiffs' counsel (representing Nassim Ketita, Thomas Ribeiro, and—in the same complaint—Jason Crockett and Maxwell Janis). (NASD has not yet been served with the *Ribeiro* or *Crockett* complaints.) Copies of these complaints are attached as Exhibits A through C. The fourth, an individual action, was filed in the Supreme Court of New York by James Bruen and removed to the Southern District of New York by defendants NASD and The Thomson Corp. Copies of this complaint and the notice of removal are attached as Exhibits D and E. And the last new complaint was filed in the Southern District of Ohio by Atal Varma. A copy of this complaint is attached as Exhibit F.

In light of these events, NASD further amends its motion to transfer; submits the attached Second Amended Schedule 1 of actions it seeks to transfer; and reiterates its request that the ten actions be consolidated in and transferred to the Southern District of New York. The grounds in

2

support of NASD's amended motion are set forth in the memorandum accompanying NASD's

original response and motion to transfer.


Dated:  April 17, 2006                        Respectfully submitted,


OF COUNSEL:                                   _____
John J. Flood                                 F. Joseph Warin
NATIONAL ASSOCIATION OF                       William M. Jay
SECURITIES DEALERS, INC.                      GIBSON, DUNN & CRUTCHER LLP
1735 K Street, N.W.                           1050 Connecticut Avenue, N.W.
Washington, D.C.  20036                       Washington, D.C.  20036
                                              Telephone: (202) 955-8500
                                              Fax: (202) 467-0539

                                              *Attorneys for*
                                              *National Association of Securities Dealers, Inc.*

3

**Second Amended Schedule 1**

## SCHEDULE OF ACTIONS AFFECTED BY MOTION TO TRANSFER ACTIONS FOR COORDINATED PRETRIAL PROCEEDINGS

Pursuant to Rule 7.2(a)(ii) of this Panel's Rules of Procedure, NASD provides the

following information on the actions that will be affected by this Motion:

| Complete Case Name | District Where Pending | Civil Action No. | Judge Assigned |
|---|---|---|---|
| William Lowe, on behalf of himself and all others similarly situated, v. National Association of Securities Dealers and EDS Corporation | D.D.C. | 1:06-CV-280 | Hon. Reggie B. Walton |
| Timothy Wallin, on behalf of himself and all others similarly situated, v. National Association of Securities Dealers | D.D.C. | 1:06-CV-382 | Hon. Reggie B. Walton |
| Linda Cutler, on behalf of herself and all others similarly situated, v. National Association of Securities Dealers, Inc.* | D.D.C. | 1:06-CV-525 | Hon. Reggie B. Walton |
| Jennifer Hester and Jason Plunkett, on behalf of themselves and all others similarly situated, v. National Association of Securities Dealers, Inc.* | D.D.C. | 1:06-CV-554 | Hon. Reggie B. Walton |
| Skylar S. Jordan, on behalf of himself and all others similarly situated, v. National Association of Securities Dealers, Inc. | E.D. Ark. | 4:06-CV-366 | Hon. James M. Moody |
| Gueorgui Ivanov, on behalf of himself and all others similarly situated, v. National Association of Securities Dealers, Electronic Data Services Corporation and Thomson Prometric, Inc. | S.D.N.Y. | 1:06-CV-2388 | Hon. Deborah A. Batts |

---

\* Originally filed in S.D.N.Y.; voluntarily dismissed and re-filed as listed.

| Complete Case Name | District Where Pending | Civil Action No. | Judge Assigned |
|---|---|---|---|
| Nassim Ketita, on behalf of himself and all others similarly situated, v. National Association of Securities Dealers and EDS Corporation | D.D.C. | 1:06-CV-580 | Hon. Reggie B. Walton |
| James Bruen v. National Association of Securities Dealers, Inc., and The Thomson Corporation | S.D.N.Y | 1:06-CV-2934 | Unassigned |
| Thomas Ribeiro, on behalf of himself and all others similarly situated, v. National Association of Securities Dealers and EDS Corporation | D.D.C. | 1:06-CV-624 | Hon. Reggie B. Walton |
| Jason Crockett and Maxwell Janis, on behalf of themselves and all others similarly situated, v. National Association of Securities Dealers and EDS Corporation | D.D.C. | 1:06-CV-652 | Hon. Reggie B. Walton |
| Atal Varma, on behalf of himself and all others similarly situated, v. National Association of Securities Dealers, Electronic Data Services Corporation and Thomson Prometric, Inc. | S.D. Ohio | 1:06-CV-199 | Hon. Michael H. Watson |

2

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of April, 2006, I caused one copy of NASD's Second Amended Motion to Transfer to be served by UPS Next Day Air on each of the attorneys listed on the Panel's Attorney Service List and on each of the attorneys on the attached Service List. I also caused one copy of NASD's original Motion to Transfer and Memorandum in Support to be served on the attorneys on the attached Service List who were not required to be served with a copy when the original Motion was filed (counsel for Ketita, Ribeiro, Crockett, and Janis and counsel for Bruen).

In accordance with Panel Rules 5.12(c) and 5.2(b), I further certify that I caused copies of the Motion to be filed with the clerk of each district court—namely, the District of Columbia, the Eastern District of Arkansas, and the Southern District of New York—in which any action affected by the motion is pending.


William M. Jay

## SERVICE LIST

Stephen N. Berk, Esq.
Cuneo Gilbert & Laduca, LLP
507 C Street, NE
Washington, DC 20002

*Attorney for William Lowe, Linda Cutler,
Jennifer Hester, and Jason Plunkett*

Donald Hall, Esq.
Kaplan Fox & Kilsheimer LLP
805 Third Ave., 22nd Floor
New York, NY 10022

*Attorney for Gueorgui Ivanov*

James F. Rittinger, Esq.
Satterlee Stephens Burke & Burke LLP
230 Park Avenue
11th Floor
New York, NY 10169

*Attorney for Thomson Prometric, Inc. and The
Thompon Corporation*

Richard M. Volin
Michael G. McLellan
Finkelstein, Thompson & Loughran
1050 30th St., NW
Washington, DC 20007

*Attorneys for Nassim Ketita, Thomas Ribeiro,
Jason Crockett, and Maxwell Janis*
Dennis E. Murray Jr.
Murray & Murray Co., L.P.A.
111 E. Shoreline Drive
P.O. Box 19
Sandusky, OH 44871-0019

*Attorney for Atal Varma*

Nancy M. Juda, Esq.
Lerach Coughlin Stoia Geller Rudman &
   Robbins LLP
1100 Connecticut Avenue, N.W., Suite 730
Washington, DC 20036

*Attorney for Timothy Wallin*

James P. Karen, Esq.
Jones Day
2727 North Harwood Street
Dallas, TX 75201-1515

*Attorney for EDS Corp.*

Scott E. Poynter, Esq.
Emerson Poynter LLP
2228 Cottondale Lane, Suite 100
Little Rock, AR 72202

*Attorney for Skylar Jordan*

Joseph Tacopina
*Of-Counsel*
Arthur L. Aidala & Associates, P.C.
597 Fifth Avenue
New York, NY 10017

*Attorney for James Bruen*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

|                                      |     |             |
|--------------------------------------|-----|-------------|
| JAMES BRUEN,                         | )   |             |
|                                      | )   |             |
| *Plaintiff,*                         | )   |             |
| v.                                   | )   |             |
|                                      | )   | 06-CV-2934  |
| NATIONAL ASSOCIATION OF              | )   |             |
| SECURITIES DEALERS, INC.; and        | )   |             |
| THE THOMSON CORPORATION,             | )   |             |
|                                      | )   |             |
| *Defendants.*                        | )   |             |

### CERTIFICATE OF SERVICE

I, Angel S. Arias, hereby certify, under penalty of perjury pursuant to 28 U.S.C. § 1746, that on the 14th day of April 2006, I served a true and correct copy of the Notice of Removal in this action, by overnight mail, upon the following counsel of record:

> Joseph Tacopina, Esq.
> Arthur L. Aidala & Associates, P.C.
> 597 Fifth Avenue
> New York, NY 10017
>
> *Counsel for Plaintiff*
>
> James F. Rittinger, Esq.
> Satterlee Stephens Burke & Burke
> 230 Park Avenue, 11th Floor
> New York, NY 10169
>
> *Counsel for Defendant*
> *The Thomson Corporation*

Angel S. Arias

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| JAMES BRUEN, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| v. | ) | CIVIL ACTION |
| | ) | 06-CV-2934 [ECF Case] |
| NATIONAL ASSOCIATION OF | ) | |
| SECURITIES DEALERS, INC.; | ) | |
| THE THOMSON CORPORATION, | ) | |
| | ) | |
| *Defendants.* | ) | |

## NASD'S MOTION TO STAY PROCEEDINGS
## PENDING A TRANSFER DECISION
## BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

Defendant National Association of Securities Dealers, Inc. (NASD), hereby moves the

Court for a stay of all proceedings in the above-captioned case, pending a decision by the

Judicial Panel on Multidistrict Litigation concerning whether to coordinate pretrial proceedings

in this action and multiple similar actions pending against NASD. Defendant The Thomson

Corporation supports the request for a stay. Despite repeated attempts, NASD has been unable

to ascertain Plaintiff's position with regard to the stay.

This Motion is supported by the accompanying Memorandum of Law and by Exhibits 1

through 5 appended thereto.

Dated: April 19, 2006

Respectfully submitted,

By: _____ /s/ _____

Matthew D. McGill (MM-4545)

OF COUNSEL:
F. Joseph Warin
William M. Jay
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036

GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036
Telephone: (202) 955-8500
Fax: (202) 467-0539

John J. Flood (JF-2197)
NATIONAL ASSOCIATION OF
SECURITIES DEALERS, INC.
1735 K Street, N.W.
Washington, D.C.  20036

*Attorneys for Defendant
National Association of
Securities Dealers, Inc.*

Filed Electronically

2

**CERTIFICATE OF SERVICE**

I hereby certify that I am an attorney in the Washington, D.C., office of Gibson, Dunn &

Crutcher LLP and that on this 19th day of April, 2006, I caused one copy of NASD's Motion To

Stay Proceedings Pending A Transfer Decision By The Judicial Panel On Multidistrict Litigation

and the accompanying Memorandum of Law and Proposed Order to be served by UPS Next Day

Air on the following attorney not yet designated a Filing User for this case in the Court's

CM/ECF system:

> Joseph Tacopina, Esq.
> *Of Counsel*
> Arthur L. Aidala & Associates, P.C.
> 597 Fifth Avenue
> New York, NY 10017
>
> *Counsel of Record for Plaintiff*

All other parties required to be served have been served using the Court's CM/ECF system.

William M. Jay

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
JAMES BRUEN,

                          Plaintiff,

                                                    **06 CV 2934**

          -against-

                                                    **JURY DEMAND**

NATIONAL ASSOCIATION OF SECURITIES DEALERS,
INC. and THE THOMSON
CORPORATION,

                          Defendants.
------------------------------------------------------------------x

          **PLEASE TAKE NOTICE** that the plaintiff herein demands a trial by jury with respect

to the above entitled action which has been removed from the Supreme Court of the State of

New York, New York County by notice dated April 14, 2006.

Dated: New York, New York
          April 20, 2006

                              ARTHUR L. AIDALA & ASSOCIATES, P.C.

                    By:_____
                         JOSEPH TACOPINA, *Of Counsel* (JT-2261)
                         Attorneys for Plaintiff
                         597 Fifth Avenue
                         New York, New York 10017
                         (212) 486-0011

TO:    SATTERLEE    STEPHENS,         GIBSON, DUNN & CRUTCHER LLP
       BURKE & BURKE                  Attorneys for Defendant
       Attorneys for defendant        NATIONAL ASSOCIATION OF SECURITIES
       THE THOMPSON CORPORATION       DEALERS
       230 Park Avenue - 11th Fl.     1050 Connecticut Avenue, N.W.
       New York, New York 10169       Washington, D.C.  20036
       (212) 818-9200                 (202) 955-8500
       (212) 818-9606 (fax)           (202) 467-0539 (fax)

AFFIDAVIT OF SERVICE

STATE OF NEW YORK          )
                                                    ss.:
COUNTY OF NEW YORK   )

TARA PORTESY, being duly sworn deposes and says: I am not a party to the within action and I am over the age of 18 years, and reside in Freeport, New York 11520.

On April 20, 2006, I served the within **JURY DEMAND** upon:

TO: SATTERLEE    STEPHENS,  GIBSON, DUNN & CRUTCHER LLP
   BURKE & BURKE       Attorneys for Defendant
   Attorneys for defendant     NATIONAL ASSOCIATION OF SECURITIES
   THE THOMPSON CORPORATION  DEALERS
   230 Park Avenue - 11th Fl.     1050 Connecticut Avenue, N.W.
   New York, New York 10169    Washington, D.C.  20036
   (212) 818-9200        (202) 955-8500
   (212) 818-9606 (fax)      (202) 467-0539 (fax)

by hand-delivering via messenger a true copy thereof, addressed to Satterlee Stephens Burke & Burke, and via Federal Express to Gibson Dunn & Crutcher, LLP at the last known address set forth after each name.

_Tara Portesy_
Tara Portesy

Sworn to before me on
April 20, 2006

_Notary Public_
Notary Public

CHAD SEIGEL
NOTARY PUBLIC, STATE OF NEW YORK
ID No. 02SE6123324
Qualified in New York County
Commission Expires March 7, 2009

**United States District Court**
Southern District of New York
Office of the Clerk
U.S. Courthouse
500 Pearl Street, New York, N.Y. 10007-1213

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

                                              **NOTICE OF ASSIGNMENT**

Bruen

V.                                            1:06-cv-2934

National Association of Securities Dealers

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

        Pursuant to the memorandum of the Case Processing Assistant, the above-entitled action is reassigned to the calendar of

                    **JUDGE        BATTS**

        All future documents submitted in this action are to be presented in the Clerk's Office of the Southern District Court for filing and shall bear the assigned judge's initials after the case number.

        The attorney(s) for the plaintiff(s) are requested to serve a copy of the Notice of Reassignment on all defendants.

                                              J. Michael McMahon, CLERK

**Dated: 4/21/2006**

                        By:      **Kristin Cox**
                                 Deputy Clerk

cc:  Attorneys of Record
PS REASSIGNMENT FORM

Data Quality Control                          Revised: March 9, 2001

*Mc MAHON, J.*
*PART I*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

JAMES BRUEN,

      *Plaintiff,*

  v.

NATIONAL ASSOCIATION OF
SECURITIES DEALERS, INC.;
THE THOMSON CORPORATION,

      *Defendants.*

06-CV-2934 [ECF Case] (LA) JMF

**[PROPOSED] ORDER**

    The motion of National Association of Securities Dealers, Inc., to stay all proceedings in

this action pending a transfer decision by the Judicial Panel on Multidistrict Litigation is

GRANTED.

    SO ORDERED.

Dated: New York, New York

    25 April , 2006

                                United States District Judge
                                  *PART I*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/27/06





06 CN 2934

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUL 1 2 2006

FILED
CLERK'S OFFICE

*DOCKET NO. 1772*

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE SERIES 7 BROKER QUALIFICATION EXAM SCORING LITIGATION

### (SEE ATTACHED SCHEDULE)

### CONDITIONAL TRANSFER ORDER (CTO-1)

On June 27, 2006, the Panel transferred five civil actions to the United States District Court for the District of District of Columbia for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *See* ____F.Supp.2d____ (J.P.M.L. 2006). With the consent of that court, all such actions have been assigned to the Honorable John D. Bates.

It appears that the actions on this conditional transfer order involve questions of fact that are common to the actions previously transferred to the District of District of Columbia and assigned to Judge Bates.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the District of District of Columbia for the reasons stated in the order of June 27, 2006, and, with the consent of that court, assigned to the Honorable John D. Bates.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the District of District of Columbia. The transmittal of this order to said Clerk shall be stayed 15 days from the entry thereof. If any party files a notice of opposition with the Clerk of the Panel within this 15-day period, the stay will be continued until further order of the Panel.

Inasmuch as no objection is
pending at this time, the
stay is lifted.

JUL 2 8 2006

CLERK'S OFFICE
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

## SCHEDULE CTO-1 - TAG-ALONG ACTIONS
## DOCKET NO. 1772
## IN RE SERIES 7 BROKER QUALIFICATION EXAM SCORING LITIGATION

DIST. DIV. C.A. #          CASE CAPTION

IOWA SOUTHERN
  IAS   4   06-272          Christopher Wilson v. National Association of Securities Dealers, Inc.

NEW YORK SOUTHERN
  NYS   1   06-2934         James Bruen v. National Association of Securities Dealers, Inc., et al.
  NYS   1   06-4355         Alex F. Ruimerman v. National Association of Securities Dealers, Inc., et al.

OHIO SOUTHERN
  OHS   1   06-199          Atal Varma v. National Association of Securities Dealers, Inc., et al.

PENNSYLVANIA EASTERN
  PAE   2   06-2246         Mark Russo v. National Association of Securities Dealers, Inc.

WISCONSIN WESTERN
  ~~WIW   3   06-335~~          ~~Mark Schley v. National Association of Securities Dealers, Inc.~~ Opposed 7/26/06